SAMUEL AYRES

*v.*

EMMA AYRES.

*Filed at Ottawa March 24, 1892.*

1.  CHANCERY—*sufficiency of evidence to support decree.* Where the evidence in a suit for divorce is taken orally in open court, and it is conflicting, the finding of the chancellor will not be disturbed by this court merely on the ground that the record fails to show, on its face, that the preponderance of the evidence is with that finding, for the reason that the chancellor has had better opportunity of judging of the weight to be given to the testimony of the several witnesses from their manner of testifying and their appearance on the stand.

2.  WITNESS—*credibility—judged by manner of testifying.* Sometimes the countenance, tone of voice and manner of a witness while testifying will contradict and deny the truth of his words, and the law does not require that the chancellor shall believe the testimony of one thus self-impeached, especially if it is inherently impossible.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. W. A. COY, for the appellant.

Messrs. WHITEHEAD & PACKARD, for the appellee.

Per CURIAM:  This is an appeal from a judgment of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county dismissing a bill for divorce.

The charge in the bill is adultery, and testimony was given, on the hearing, proving that charge, but that testimony was directly contradicted by testimony given on behalf of the appellee.  The witnesses were all examined orally before the chancellor, and he therefore had facilities for judging of the comparative credibility of these witnesses which are denied to us.  It is within the experience of all having familiarity with the examination of unscrupulous witnesses, that sometimes

the countenance, tone of voice and manner of the witness while testifying will contradict and deny the truth of the words that come from his lips, and the law does not require that the chancellor shall believe the testimony of one thus self-impeached. But no bill of exceptions or certificate of evidence attempts to or can reproduce fully and accurately the countenance, tone of voice and manner of the witness while testifying, and so it results that an appellate tribunal, having nothing but a written or printed transcript of the words to which the witnesses have testified before it, will not, where there is evidence which, considered by itself, alone, is sufficient to sustain the decree, reverse merely because it may appear from the face of the record that the preponderance of the evidence does not support the decree, the witnesses having been examined orally before the chancellor on the hearing. There were, moreover, here, some things in the testimony proving adultery that tend to tax credulity by reason of their seeming deviation from what we may suppose would ordinarily be the conduct of rational persons in like circumstances.

On the whole, we do not feel authorized to say that the decree below was not sustained by the evidence. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*